F I L E D
Clerk
District Court

FEB 2 3 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Law Office of G. Anthony Long
P. O. Box 504970
Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Tel. No. (670) 235-4802
Fax. No. (670) 235-4801

Attorney for Defendant Ana Demapan-Castro

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| HENRY S. HOFSCHNEIDER | ) | **CIVIL ACTION NO. 04-0022** |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | MEMORANDUM SUPPORTING |
| | ) | SUMMARY JUDGMENT |
| ANA DEMAPAN-CASTRO | ) | |
| | ) | |
| Defendant. | ) Date: March 30, 2005 | |
| | ) | |
| | ) Time: 9:00 a.m. | |

Plaintiff Henry S. Hofschneider ("Hofschneider") alleges in his first claim for relief that

he was terminated from his employment with the Marianas Public Lands Authority ("MPLA") in

retaliation for exercising his First Amendment right to speech. Hofschneider's second claim for

relief alleges termination in violation of the First Amendment on grounds of his political

affiliation. Defendant Ana Demapan-Castro is entitled to summary judgment or qualified

immunity on the first and second claims for relief.

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802  Fax No: (670) 235-4801

**FACTS**

The facts for purposes of this summary judgment motion are set forth in the document attached to the Declaration of Counsel as Exhibit 1("Exhibit 1). The essential facts for purposes of this motion are as follows:

Hofschneider worked as MPLA Commissioner. MPLA is an instrumentality of the Commonwealth of the Northern Mariana Islands ("CNMI" or "NMI"). Public Law 12-33 which created the Office of Public Lands, headed by a Public Lands Administrator, and the Board of Public Lands. *Leon Guerrero v. Board of Directors of the Marianas Public Lands Authority,* Civil Action No. 03-0229, Order Granting Summary Judgment at 2, (N. Mar. Super. Ct. Sept. 30, 2003). Subsequently, on November 13, 2001, Public Law 12-71 amended PL 12-33 by establishing MPLA headed by a Commissioner, and a Board of Directors. *Id.* ("the Board"). In establishing MPLA the legislature specifically and unequivocally provided that:

> The office of Marianas Public Lands Authority shall be headed by Commissioner of Marianas Public Lands Authority and Deputy Commissioner for each Senatorial District. All other Division of the Marianas Public Lands Authority shall be headed by the Division Chief. The Commissioner shall serve at the pleasure of the Board of Directors. Each Deputy Commissioner shall be appointed by the Board of Directors. This Public Corporation is established under the control and general supervision of the Board of Directors to execute, implement and enforce the policies, decisions, orders, rules and regulations of the Board.

P.L. 12-71 § 2(a)(1)[1].

In addition to the statutory provisions concerning the MPLA Commissioner, Hofschneider's job description includes but is not limited to the following duties:

---

[1]

A copy of P.L. 12-71 is attached hereto.

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802  Fax No: (670) 235-4801

a) implementing, administering, and enforcing the policies and procedures
adopted by the Board

b) providing direction and leadership in the development and implementation of
Board policies

c) developing short term and long term goals, objectives, and benchmarks and
manages all efforts involved in meeting such goals

d) entering into contracts, agreements and other such transactions as may be
beneficial to MPLA; and

e) channeling requests of the Board to the appropriate MPLA division for
timely and sufficient responses and actions.

Exhibit 1 at Exhibit A. Hofschneider's duties consisted of managing MPLA. Exhibit 1 at ¶ 14.

Furthermore, Hofschneider's salary was a minimum of $80,000.00 per year. Id at ¶ 7. The

dispute between Hofschneider and Demapan-Castro caused a disruption within MPLA. *See*

Exhibit 1 at Exhibits B - D; Complaint at ¶¶ 5 - 21.  Also, Hofschneider and his brother were

politically opposed to Governor Juan Babauta, the person who appointed Ana Demapan-Castro

to the MPLA Board. Ana Demapan-Castro terminated Hofschneider's employment as MPLA

Commissioner.

## ARGUMENT

**ANA DEMAPAN-CASTRO IS ENTITLED TO SUMMARY JUDGMENT ON THE
FIRST AMENDMENT CLAIMS OR ALTERNATIVELY SHE IS ENTITLED TO
SUMMARY JUDGMENT ON GROUNDS OF  QUALIFIED IMMUNITY**

**I.     STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is appropriate if there is no genuine issue as to any material fact and

the moving party is therefore entitled to judgment as a matter of law. *See* Fed. R. Civ. Proc.

56(c). The moving party bears the initial burden of establishing that there is no genuine issue of

Page 3 of  10

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802   Fax No: (670) 235-4801

material fact. *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party does not bear the burden of proof at trial, the initial burden of showing that no genuine issue of material fact remains may be met by demonstrating that there is an absence of evidence to support the non-moving party's case. *Chung v. World Corporation*, 2005 WL 1459674 at 1 (D.N.Mar.I., 2005). If the moving party meets its burden, the responding party must present specific facts showing the existence of material disputed facts. *Id. See British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 951 (9th Cir.1978). The court must view the evidence in a light most favorable to the non-moving party. *Id.* However, it is not enough for the non-moving party to point to mere allegations or denials contained in the pleadings. Instead, it must set forth, by affidavit or other admissible evidence, specific facts demonstrating the existence of an actual, material issue for trial. *Id.* The evidence must be more than a mere "scintilla"; the responding party must show that the trier of fact could reasonably find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Accordingly, summary judgment should be granted to the moving party if the evidence opposing summary judgement is merely colorable or is not significantly probative. *Chung,* 2005 WL 1459674 at 1. *See Eisenberg v. Insurance Co. of North America,* 815 F.2d 1285, 1288 (9th Cir.1987).

## II.     SUMMARY JUDGMENT ON THE FIRST AMENDMENT CLAIMS ARE PROPER AS HOFSCHNEIDER WAS A POLICY MAKER

Generally, the First Amendment protects public employees from termination of their employment in retaliation for their exercise of speech on matters of public concern. *Connick v. Myers*, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708, (1983). The first amendment also protects government employees from termination based on political affiliation. *Branti v. Finkel,* 445 U.S.

Page 4 of 10

507, 518, 100 S.Ct. 1287, 1294, 63 L.Ed.2d 574 (1980). However, if a public employee is a policymaker, then the employee may be terminated for his speech or his political affiliation without violating the First Amendment. *Fazio v. City & County of San Francisco*, 125 F.3d 1328, 1331 - 1332 (9th Cir.1997). *See Curinga v. City of Clairton*, 357 F.3d 305, 313 n. 8 (8th Cir. 2004)[The Ninth Circuit allows for disciplinary action against policymakers for any type of speech, including speech not related to policy views or a political agenda]. As the 7th Circuit noted, "[a] public agency would be unmanageable if its head had to ... retain his political enemies ... in positions of confidence or positions in which they would be ... exercising discretion in the implementation of policy." *Wilbur v. Mahan*, 3 F.3d 214, 217 (7th Cir.1993). *See Fazio*, *supra*. Thus, a crucial issue when a public employee alleges a termination in violation of the First Amendment is whether the employee held a policymaking or confidential position. *Fazio*, *supra*. *See Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976).

The term policymaker as used in this context is not limited to one who makes policy. *Fazio,* 125 F.3d at 1132. Rather, the term refers to a position in which political considerations are appropriate requirements for the effective performance of the public office involved. *Finkel*, 445 U.S. at 519, 100 S.Ct. at 1295. This means that a public employee is not immune from termination merely because the employee "stands apart from partisan politics," is not the ultimate decisionmaker in the agency, or is guided in some responsibilities by technical or professional standards. *Flynn v. City of Boston,* 140 F.3d 42, 46 45 (1st Cir.1998). It is sufficient if the official is involved in policy, if only as an adviser, implementer or spokesperson. *Id.* This principle results in mid - or upper level governmental officials or employees regularly being deemed "policymakers" when their duties are significantly connected to policymaking. *Id* at 44 -

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802  Fax No: (670) 235-4801

45. Moreover, the Ninth Circuit has recognized that depending upon the duties and nature of the job, a secretary can be deemed to be a policymaker or confidential employee whose termination does not offend the First Amendment. *Hobler v. Brueher,* 325 F.3d 1145 (9th 2003).

In deciding whether a person occupies a policymaking or confidential position, the Ninth Circuit requires trial court to consider whether the position has vague or broad responsibilities, in addition to the employee's  relative pay, technical competence, power to control others, authority to speak in the name of policymakers, public perception, influence on programs, contact with elected officials, and responsiveness to partisan politics and political leaders. *Walker v. City of Lakewood,* 272 F.3d 1114, 1132 (9th Cir. 2001). *See Fazio,* 125 F.3d at 1334 n. 5. This means a court must look closely at the position to identify its inherent duties and then to make a judgment about whether the position is one for which political affiliation is an appropriate requirement. *See Duriex-Gauthier v. Lopez-Nieves,* 274 F.3d 4, 10-11 (1st Cir.2001). In this case, a cursory examination of the duties and responsibilities of the MPLA Commissioner position establishes that Hofschneider held a policymaking position.

The statutory duties together with Hofschneider's job description, Exhibit B, demonstrate that Hofschneider was a policymaker or confidential employee. Thus, Hofschneider's termination based on his speech and political affiliation does not violate the First Amendment. *See Fazio, supra. Hobler, supra; Walker v. City of Lakewood,* 272 F.3d 1114, 1132 (9th Cir.2001); Even more so, if the termination is based on the political activities of a close family member, then it still does not violate the First Amendment. *Biggs v. Best, Best & Krieger,* 189 F.3d 989 (9th Cir. 1999)[Termination based on relative's political affiliation or activities did not violate First Amendment when plaintiff occupied a policymaker or confidential position].

III.    **SUMMARY JUDGMENT IS APPROPRIATE AS DEMAPAN-CASTRO IS ENTITLED TO QUALIFIED IMMUNITY**

If Hofschneider is a policymaker then his termination did not violate the First Amendment and it is unnecessary to address the issue of qualified immunity. *Fazio*, 125 F.3d at 1334. However, if this Court concludes that the MPLA Commissioner is not a policymaking position, then Demapan-Castro is entitled to qualified immunity.

The qualified immunity doctrine shields government officials from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1388 (9th Cir.1997). Likewise, the defense applies if a public official "reasonably misapprehends the law governing the circumstances she confronted," and the officer's conduct was constitutionally deficient. *Brosseau v. Haugen*, 543 U.S. 194, 125 S.Ct. 596, 599, 160 L.Ed.2d 583 (2004) (per curiam). Determining whether the governmental official is immune from suit is a two-step inquiry. *Saucier v. Katz*, 533 U.S. 194, 201 - 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). The threshold inquiry requires a court to view the facts in a light most favorable to the plaintiff and determine whether the facts alleged show the defendant's conduct violated a constitutional right?" *Id*, 533 U.S. at 201, 121 S.Ct. 2151. The inquiry ends at this stage if no constitutional right is found to have been violated as the plaintiff cannot prevail. *Id*. If the facts allege a right, the focus then becomes whether the right was clearly established *Id*. Plaintiffs may not overcome qualified immunity by invoking abstract, general, but clearly recognized rights. *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Rather, the right must

Page 7 of 10

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel: No: (670) 235-4802  Fax No: (670) 235-4801

recognized in a particularized way so that the government officer may reasonably anticipate its violation. *Id,* 483 U.S. at 639-40. If the right was not clearly established, qualified immunity doctrine shields the official from further litigation. *Saucier,* 533 U.S. at 201 . Finally, even if the violated right was clearly established, *Saucier* recognizes that if the official reasonably misapprenhended the law, the officer is entitled to the immunity defense. *Id.* at 205, 121 S.Ct. 2151.

## A.    IT WAS NOT CLEARLY ESTABLISHED THAT THE MPLA COMMISSIONER WAS NOT A POLICYMAKING POSITION

For a right to be clearly established for qualified immunity purposes, the contours of the asserted right must be sufficiently clear so that a reasonable official would understand that what she is doing violates that right. *Camarillo v. McCarthy*, 998 F.2d 638, 640 (9th Cir.1993). This does not mean an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent. *Anderson*, 483 U.S. at 640, 107 S.Ct. at 3038 - 3039.

At the time of Hofschneider's termination, there was not any judicial determination that the MPLA Commissioner was not a policymaker or confidential employee. Thus, the First Amendment rights as applied to the position of MPLA Commissioner was not clearly established at the time of Hofschneider's termination. Alternatively, qualified immunity is proper because given the status of the law concerning a policymaker or confidential employee and Hofschneider's duties, it was reasonable for Demapan-Castro to believe that Hofschneider fell within the policymaker or confidential employee exception to the First Amendment

Page 8 of 10

jurisprudence.   Lastly, Demapan-Castro is also entitlted to qualified immunity on grounds that

Hofschneider's First Amendment right of speech on the matters at issue do not outweigh the

administrative interest in avoiding workplace disruption. *See Moran v. State of Washington*,

147 F.3d 839 (9th Cir. 1998).

Moran concerned the termination of a deputy commissioner for his speech. The Ninth

Circuit reasoned that:

> [t]he fact that Moran occupied the post of Deputy Commissioner, a
> policymaking position, also weighs in favor of Commissioner Senn.
> "High-level officials must be permitted to accomplish their organizational
> objectives through key deputies who are loyal, cooperative, willing to carry out
> their superiors' policies, and perceived by the public as sharing their superiors'
> aims." (citation omitted). To that end, the Supreme Court has expressly held
> that "when close working relationships are essential to fulfilling public
> responsibilities, a wide degree of deference to the employer's judgment is
> appropriate," (citation omitted), and has suggested that the State's interest in
> avoiding disruption is enhanced when the employee asserting her right to speak
> serves in a "confidential, policymaking, or public contact role," (citation
> omitted). In light of the facts that Moran was hired by Commissioner Senn to
> be one of her deputy commissioners and that Moran was specifically charged
> with responsibility for developing and implementing the OIC's outreach
> program, it seems to us scarcely debatable that Senn depended upon Moran for
> the "kind of close working relationship[ ] for which it can be persuasively
> claimed that personal loyalty and confidence are necessary to their proper
> functioning.

> The final, and most significant, factor favoring Senn's side of the balance is
> the "substantial weight" that we must accord the disruptive impact of Moran's
> criticism as well as Senn's "reasonable predictions of disruption." Waters, 511
> U.S. at 673, 114 S.Ct. 1878. Senn's declaration specifically recorded Moran's
> vocal opposition to her directives and Moran's repeated failures and refusals to
> carry out her instructions and to implement the programs which Senn had
> established for the agency she headed. Moran's dissentience, according to Senn,
> caused her to lose confidence in her deputy commissioner's loyalty and
> willingness to carry out Senn's policies. Moran's opposition therefore
> necessarily disrupted "the effective functioning of [Senn's] enterprise" of an
> OIC committed to consumer outreach

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802  Fax No: (670) 235-4801

147 F.3d at 849 - 850.  This same rationale applies in this case and justifies a finding of qualified immunity.

## CONCLUSION

Hofschneider as MPLA Commissioner occupied a policymaker or confidential position. As such, Hofschneider's termination does not violate the First Amendment as alleged in the third and fourth claims for relief. If the Court determines that the MPLA Commissioner is not a policymaker or confidential employee position, then qualified immunity should be extended to Demapan-Castro.

Law Office of G. Anthony Long

By: _____
         G. Anthony Long

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802  Fax No: (670) 235-4801