Colin M. Thompson, Esq.
Law Offices of Colin M. Thompson
J.E. Tenorio Building
PMB 917 Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile:  (670) 233-0776

*Attorney for Plaintiff*
.

FILED
Clerk
District Court

APR - 5 2006

For The Northern Mariana Islands
By_____
           (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **HENRY S. HOFSCHNEIDER** | CIVIL ACTION NO. 04-0022 |
| Plaintiff, | MOTION OF VOLUNTARY DISMISSAL WITH PREJUDICE |
| vs. | Date: April 6, 2006 |
| **ANA DEMAPAN-CASTRO.** | Time: 10:30 a.m. |
| | Judge: Hon. Alex R. Munson |
| Defendant. | |

**COMES NOW**, Plaintiff Henry S. Hofschneider by and through counsel Colin Thompson to move this Court pursuant to Fed. R. Civ. P. 41(a)(2) for an order dismissing this action with prejudice and with each party to bear their own costs.  The parties have stipulated to hear this motion on shortened time. (Declaration of counsel Exh."2")  This motion is based on the attached declaration, exhibits and the applicable law.

//

//

1

## FACTUAL BACKGROUND

1. Plaintiff Henry S. Hofschneider currently has two legal actions pending. The instant action, *Hofschneider v. Demapan-Castro*, CV-04-0022, and another in Commonwealth of the Northern Mariana Islands ("CNMI") Superior Court, *Hofschneider v. Demapan-Castro*, Civ. No. 04-0523B. Like the instant action, the action in Superior Court relates to plaintiff's suspension and termination as Commissioner of the Marianas Public Lands Authority.

2. On March 21, 2006, plaintiff and the CNMI Department of Public Lands and the government of the CNMI entered into a Settlement Agreement. (Declaration of Counsel, Ex. "1") Plaintiff and the CNMI government determined that "rather than litigate the issues, it is in each of their best interests to settle this matter." (Declaration of Counsel, Ex. "1" ¶ 7). Consequently, they entered into a comprehensive settlement agreement which would end both this Federal Court lawsuit and the Superior Court lawsuit. (*Id.*).

3. Under section two of "Terms and Conditions of Settlement" the parties agreed that "Mr. Hofschneider shall dismiss the Federal and Superior Court Lawsuits with prejudice, using the stipulated dismissal forms attached hereto as Exhibits "A" and "B," or forms otherwise agreed upon by the parties' counsel, immediately after Mr. Hofschneider has received the payment… and the check has cleared the bank. (Declaration of Counsel, Exh. "1" ).

4. Plaintiff has received payment from the CNMI and now seeks to fulfill its obligation under the Settlement Agreement.

5. Defendant refuses to stipulate to dismissal. (Declaration of Counsel Exh. "2").

## LAW AND ANALYSIS

Since defendant refuses to stipulate to dismissal, plaintiff moves under Fed. R. Civ. P. 41(a)(2) to voluntarily dismiss this action *with prejudice*. Under Fed. R. Civ. P. 41(a)(2), "an action shall not

be dismissed at the plaintiff's instance save upon an order of the court…" Ordinarily, the decision to grant or deny a plaintiff's Fed. R. Civ. P. 41(a)(2) motion for voluntary dismissal is within the discretion of a court. However, some courts have ruled that a court lacks any discretion to deny a motion under Fed. R. Civ. P. 41(a)(2) when the plaintiff requests that the dismissal be made with prejudice. See, *e.g.*, *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964); *SEC v. Lorin*, 869 F.Supp. 1117, 1119 (S.D.N.Y. 1994); 8 *Moore's Federal Practice* § 41.40[3] (3d ed. 2003). Other courts have refused to adopt a strict rule that a district court must grant a motion to dismiss with prejudice. See, *e.g.*, *County of Santa Fe v. Pub. Service. Co. of New Mexico*, 311 F.3d 1031, 1049 (10th Cir. 2002). The Ninth Circuit has not ruled on the issue.

Plaintiff urges this Court to follow the line of cases ruling that a district court lacks any discretion to deny a motion for voluntary dismissal with prejudice. As one court explained in ruling that a court has no discretion,

> [W]hen a dismissal with prejudice is granted, it does not harm the defendant: The defendant receives all that he would have received had the case been completed. Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties. Further, it is difficult, both practically and logistically, to imagine a court denying a plaintiff's motion to dismiss her own action with prejudice.
>
> Could the Court force the plaintiff to continue discovery, or offer evidence? Can or should the Court require plaintiff to litigate a claim when plaintiff herself has attempted to dismiss it? Though these questions prove vexatious, the Court need not ponder them at length. Suffice it to say that the Court will not compel plaintiff to pursue a claim that she wishes to dismiss with prejudice.

*Shepard v. Egan*, 767 F.Supp. 1158, 1165 (D.Mass. 1990). Like the defendant in *Shepard*, defendant in this case will receive all that she would have received had the case been completed. Thus, the Court

should not compel plaintiff to expend his precious time and expense in further useless proceedings. Accordingly, the Court should grant plaintiff's motion without further ado.

Even if the Court follows the line of cases stating that a court has discretion in whether to grant a voluntary motion to dismiss with prejudice, this case should still be promptly dismissed. Careful analysis shows that the courts in those cases were concerned about whether the rights of third parties would be compromised by dismissal with prejudice. See, *e.g., Santa Fe*, 311 F.3d at 1049; *Allen v. Indeck Corinth Ltd. Partnership*, 161 F.R.D. 233 (N.D.N.Y. 1995). That is not the case here. There are no third parties that could possibly be prejudiced by dismissal. Accordingly, the Court should grant plaintiff's motion for voluntary dismissal.

## **CONCLUSION**

Based on the foregoing, plaintiff respectfully requests that the Court grant his motion pursuant to Fed. R. Civ. P. 41(a)(2) for an order dismissing this action *with prejudice* and with each party to bear their own costs.

Dated this 4th day of April 2006.

_____
**COLIN M. THOMPSON, ESQ.**
Attorney for Plaintiff