FILED
Clerk
District Court

APR -5 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Colin M. Thompson, Esq.
Law Offices of Colin M. Thompson
J.E. Tenorio Building
PMB 917 Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0776

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **HENRY S. HOFSCHNEIDER** ) | CIVIL ACTION NO. 04-0022 |
| ) | |
| **Plaintiff,** ) | DECLARATION OF COUNSEL |
| ) | IN SUPPORT OF MOTION FOR |
| vs. ) | VOLUNTARY DISMISSAL |
| ) | WITH PREJUDICE |
| **ANA DEMAPAN-CASTRO.** ) | |
| ) | Date: April 6, 2006 |
| **Defendant.** ) | Time : 10:30 a.m. |
| ) | Judge: Hon. Alex R. Munson |

I, Colin M. Thompson, do declare that:

1. I am the attorney of record for Plaintiff, Henry Hofschneider. I make this declaration based on my personal knowledge and I am competent to testify as to the matters set forth.

2. Attached to this declaration as Exhibit "1" is a true and correct copy of Settlement Agreement.

3. Attached to this declaration as Exhibit "2" is a true and correct copy of my letter to Anthony Long, Esq. dated April 3, 2006.

Dated this 5th day of April, 2006.

_____
COLIN M. THOMPSON, ESQ.
Attorney for Plaintiff

# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is entered into on this 21 day of March 2006, by and between Plaintiff **Henry S. Hofschneider** ("Mr. Hofschneider"), and Defendants **Commonwealth of the Northern Mariana Islands Department of Public Lands** and **The Government of The Commonwealth of the Northern Mariana Islands** (hereinafter collectively referred as the "Commonwealth").

*Preamble*

1. On August 27, 2004, Mr. Hofschneider filed a Complaint in the NMI United States District Court against Former Marianas Public Lands Authority (the "MPLA") Board of Directors Chairwoman Ana Demapan-Castro, among other defendants, (Civil Case No. 04-0022)(the "Federal Lawsuit"), complaining of violations of 48 U.S.C. § 1983, among other causes of action, related to Mr. Hofschneider's suspension and alleged termination as Commissioner of the MPLA.

2. On November 8, 2004, Mr. Hofschneider filed a complaint in the CNMI Superior Court against Ana Demapan-Castro and the MPLA Board of Directors (Civil Action No. 04-0523B)(the "Superior Court Lawsuit") related to his alleged suspension and termination, complaining of violations of the CNMI Open Government Meetings and Records Act (the "OGA"), CNMI Public Law 12-33, the covenant of good faith and fair dealing, breach of contract, Administrative Procedure Act appeals, interference with contract, and a taxpayer cause of action. The Superior Court assigned Associate Judge Kenneth Govendo to hear the matter.

3. Judge Govendo issued an Order on August 19, 2005, in the Superior Court Lawsuit dismissing Ana -Demapan Castro as a defendant in her personal capacity (she remained as a defendant in her official capacity) and granting Mr. Hofschneider's Motion for Summary Judgment, finding that the OGA and PL 12-33 had been violated by the defendants.

4. On February 22, 2006, CNMI Public Law 15-2 became effective. One of the purposes of PL 15-2 was to "transfer the obligations and responsibilities of the [MPLA to the Department of Public Lands]." PL 15-2 made the Department of Public Lands ("DPL") a line agency within the Executive Branch under the authority of a Secretary who answers directly to the Governor. Mr. John S. Del Rosario, Jr. is currently the acting Secretary of the DPL.

5. It is Mr. Hofschneider's position that the DPL and the CNMI Government are the successor in interest of the MPLA Board and the MPLA. It is DPL's position that it is not the successor in interest of the MPLA Board and the MPLA with respect to the unlawful acts of either the MPLA or any member of its Board of Directors.

6. Trial is set to begin on June 22, 2006, and numerous discovery and motions deadlines are fast approaching in the Superior Court action.

7. Mr. Hofschneider and the Commonwealth have determined that rather than litigate the issues, it is in each of their best interests to settle this matter. Consequently, they are entering into this Settlement Agreement (the "Agreement") which will end the Federal and Superior Court Lawsuits.

Page - 1 - of 4                                                                                    Initials: _____

Exh. "1"

## Terms and Conditions of Settlement

Section One. **Payment.** In consideration of the promises and agreements recited herein, Commonwealth shall deliver a check within fourteen calendar days of the execution of this document to Mr. Hofschneider payable to "The Law Offices of Sean E. Frink, LLC Client Trust Account" in the amount of Two-Hundred and Two Thousand One-Hundred Sixty-Five United States Dollars and Fourteen Cents (US$202,165.14). Mr. Hofschneider and/or his counsel shall be the party solely responsible for paying the related taxes and other relevant charges, if any, such as CNMI Retirement Fund contributions.

Section Two. **Dismissal of Lawsuits.** Mr. Hofschneider shall dismiss the Federal and Superior Court Lawsuits with prejudice, using the stipulated dismissal forms attached hereto as Exhibits "A" and "B," or forms otherwise agreed upon by the parties' counsel, immediately after Mr. Hofschneider has received the payment set forth Section One and the check has cleared the bank. The Superior Court shall retain jurisdiction to enforce the terms of this Agreement.

Section Three. **Mutual Release.**
A. In consideration of the promises and agreements recited herein, Mr. Hofschneider, on behalf of himself and his heirs, executors, administrators, successors and assigns, hereby releases and forever discharges Commonwealth, the MPLA, and the MPLA Board and all of their board members, employees, heirs, executors, administrators, successors and assigns ("Released Parties") from any and all causes of action, lawsuits, liabilities, rights, claims, damages and losses, whether known or unknown, Mr. Hofschneider may have against any of the Released Parties as of the effective date of this Agreement, including, but not limited to, any and all claims arising from his association with MPLA and/or the MPLA Board, the Federal and Superior Court Lawsuits, or otherwise, whether such causes of action, lawsuits, liabilities, rights, claims, damages or losses would have been based on constitutional law, statute, common law, contract, equity, or otherwise.

B. In consideration of the promises and agreements recited herein, Commonwealth, the MPLA, and the MPLA Board, on behalf of themselves and their predecessors, heirs, executors, administrators, Board Members, employees, attorneys, successors and assigns, hereby release and forever discharge Mr. Hofschneider and all of his children, heirs, executors, administrators, attorneys, law firms, successors and assigns ("Additionally Released Parties") from any and all causes of action, lawsuits, liabilities, rights, claims, damages and losses, whether known or unknown, they may have against any of the Additionally Released Parties as of the effective date of this Agreement, including, but not limited to, any and all claims arising from Mr. Hofschneider's association with the MPLA, the MPLA Board, the Federal and Superior Court Lawsuits, or otherwise, whether such causes of action, lawsuits, liabilities, rights, claims, damages or losses would have been based on constitutional law, statute, common law, contract, equity, or otherwise.

C. The Commonwealth specifically reserves the right to seek contribution and/or indemnity, or to pursue other legal action that may be available, for the sums paid under this Agreement from Mrs. Demapan-Castro and/or any or all members of the Board of Directors of the former MPLA who were defendants in the lawsuits dismissed as a result of this Agreement. Nothing in this Agreement shall be read as compromising that right.

Page - 2 - of 4                                                                                     Initials: _____ : _____

D. Other than the payment set forth in Section One above, which Mr. Hofschneider shall use a part of to pay his attorneys, each party is to bear its own costs and attorneys' fees related to the Federal and Superior Court Lawsuits and waives any claims for such against the other party.

**Section Four. Advice of Counsel.** THE PARTIES ACKNOWLEDGE THAT THEY HAVE HAD THE ADVICE OF ATTORNEYS PRIOR TO EXECUTING THIS AGREEMENT, THAT THEY HAVE IN FACT CONSULTED WITH THEIR ATTORNEYS CONCERNING THIS AGREEMENT PRIOR TO EXECUTING IT, THAT THEY UNDERSTAND FULLY THE IMPLICATION AND EFFECT OF THE TERMS OF THIS AGREEMENT, AND THAT THEY ARE EXECUTING THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.

**Section Five. Binding on Heirs, Successors, and Assigns.** This Agreement shall inure to the benefit of and bind the parties, their respective heirs, successors, and assigns, jointly and severally.

**Section Six. Entire Agreement and Modification.** The parties acknowledge and agree that this Agreement constitutes the entire agreement between them; that no promise or agreement not expressed in this Agreement has been made; that this Agreement is not executed in reliance upon any statement or representation made by the respective parties or by any person employed by or representing the respective parties other than the statements contained in the Agreement itself; and, that the terms of this Agreement are contractual and not merely recitals. This Agreement is not subject to modification except in writing, signed by the parties to be charged hereunder.

**Section Seven. Construction and Enforcement of Agreement.**
A. The provisions of this Agreement shall be deemed severable, and the invalidity or unenforceability of any one or more of the provisions hereof shall not affect the validity or enforceability of any one or more of the other provisions hereof, except that if any of the payments required in Section One are not made, in whole or in part, or if any of the obligations of the Commonwealth as set forth in Section One are not fully carried out, Mr. Hofschneider shall be able to, but is not required to, rescind this Agreement and continue to pursue his lawsuits as if this Agreement were never entered and the cases were never dismissed.
B. The parties agree that this Agreement shall be governed and interpreted by and under the laws of the Commonwealth of the Northern Mariana Islands and that its terms shall be enforceable by the Superior Court of the Northern Mariana Islands, whether or not any party is or may hereafter be a resident of another jurisdiction.
C. In the event of any suit, action, or motion by any party to this Agreement to enforce its terms or because of any breach of any term, covenant, condition or provision hereof, the prevailing party shall be entitled to recover from the other party or parties costs of suit and reasonable attorneys' fees which shall be fixed by the CNMI Superior Court.
D. All parties have participated equally in the drafting of this agreement with full advice of counsel. Therefore, no provision contained herein shall be interpreted against one party or another because he or she drafted any particular provision contained herein.
E. This agreement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

**Section Eight. Effective Date.** This Agreement shall become effective upon its execution by each of the parties.

Page - 3 - of 4                                                                     Initials: _____

IN WITNESS WHEREOF, the parties hereto have executed this Agreement in duplicate as of the dates appearing next to their respective signatures.

**PARTIES:**

**Plaintiff:**

_____   Date: March 21, 2006.
HENRY S. HOFSCHNEIDER

**Commonwealth:**


_____   Date: March __, 2006.
JOHN S. DEL ROSARIO, JR.
Secretary of the
Department of Public Lands (Acting)

**ATTORNEYS:**


_____   Date: March __, 2006.
HOWARD P. WILLENS
Attorney for Commonwealth &
*De facto* CNMI Attorney General for Purposes
of the Federal and Superior Court Lawsuits


_____   Date: March 21, 2006.
SEAN E. FRINK
Attorney for Mr. Hofschneider
In the Superior Court Lawsuit


_____   Date: March 21, 2006.
COLIN M. THOMPSON
Attorney for Mr. Hofschneider
In the Federal Lawsuit

IN WITNESS WHEREOF, the parties hereto have executed this Agreement in duplicate as of the dates appearing next to their respective signatures.

**PARTIES:**

**Plaintiff:**

_____          Date: March __, 2006.
HENRY S. HOFSCHNEIDER

**Commonwealth:**

_[signature]_____          Date: March 21, 2006.
JOHN S. DEL ROSARIO, JR.
Secretary of the
Department of Public Lands (Acting)

**ATTORNEYS:**

_[signature] Howard P. Willens_____          Date: March 21, 2006.
HOWARD P. WILLENS
Attorney for Commonwealth &
*De facto* CNMI Attorney General for Purposes
of the Federal and Superior Court Lawsuits

_____          Date: March __, 2006.
SEAN E. FRINK
Attorney for Mr. Hofschneider
In the Superior Court Lawsuit

_____          Date: March __, 2006.
COLIN M. THOMPSON
Attorney for Mr. Hofschneider
In the Federal Lawsuit

# Exhibit "A"

SEAN E. FRINK
The Law Offices of Sean E. Frink, LLC
Second Floor, Macaranas Building, Garapan,
PMB 161, Box 10003
Saipan, MP 96950
Telephone: (670)233-2889
Facsimile: (670)234-3230
Sean.Frink@Saipan.Com

Attorney for Plaintiff Henry S. Hofschneider

IN THE SUPERIOR COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| HENRY S. HOFSCHNEIDER, ) | Civil Action No. 04-0523E |
| ) | |
| Plaintiff, ) | |
| ) | |
| -v- ) | STIPULATED DISMISSAL & |
| ) | ORDER |
| ANA DEMAPAN-CASTRO, and ) | |
| MARIANAS PUBLIC LANDS ) | |
| AUTHORITY BOARD ) | |
| OF DIRECTORS, ) | |
| ) | |
| Defendants. ) | |
|_____) | |

As a settlement of this lawsuit has been effectuated, Plaintiff Henry S. Hofschneider, by and though his attorney of record, Sean E. Frink, hereby moves the Court to dismiss this matter with prejudice, but retain jurisdiction to enforce the terms and conditions of the Settlement.

Respectfully submitted,

_____
SEAN E. FRINK
CNMI Bar No. F0212

**Concurring:**

_____     March ____, 2006.
HOWARD P. WILLENS
*De facto* CNMI Attorney General

### Order

Good Cause shown, this lawsuit is hereby dismissed with prejudice. The Court retains jurisdiction to enforce the terms of the Settlement.

DATED: March ___, 2006.

                                                _____
                                                KENNETH L. GOVENDO
                                                Associate Judge

# Exhibit "B"

COLIN M. THOMPSON
The Law Office of Colin M. Thompson
J.E. Tenorio Building
PMB 917, Box 10001
Saipan, MP 96950
Telephone: (670) 233-077
Facsimile: (670) 233-0776
Colin.Thompson@Saipan.Com

Attorneys for Plaintiff Henry S. Hofschneider

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| HENRY S. HOFSCHNEIDER, | ) | Civil Action No. 04-0022 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | STIPULATED DISMISSAL |
| | ) | AND ORDER |
| ANA DEMAPAN-CASTRO, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

The parties, represented by their attorneys of record, respectfully request the Court to dismiss this lawsuit, with prejudice. Each side is to bear its own costs, including but not limited to attorneys' fees.

FOR PLAINTIFF:

_____　　　　　DATED: March ___, 2006
**COLIN M. THOMPSON**


_____　　　　　DATED: March ___, 2006
**SEAN E. FRINK**

1   FOR DEFENDANT:

3

5

7   _____        DATED: March ___, 2006
    G. ANTHONY LONG

9

11

13                              **ORDER**

15      Good Cause shown, this lawsuit is hereby dismissed with prejudice with each party

17   responsible for its own costs.

19   DATED: March ___, 2006.

21

23                                      _____

25                                      ALEX R. MUNSON
                                        Judge

27

29

31

33

35

37

39

41

43

45

47

49

# *Colin M. Thompson*
## Attorney at Law

PMB 917, Box 10001 Saipan, MP 96950, U.S.A.  Telephone No. : (670) 233-0777
E-mail: colin.thompson@saipan.com  Facsimile No. : (670) 233-0776

*Via Facsimile and Mail*

April 3, 2006

G. Anthony Long, Esq.
Attorney at Law
P.O. Box 504970
2nd Floor, Lim's Building
Saipan, MP 96950

Re: Hofschneider vs. Demapan-Castro
    Civil Action No. 04-0022

This will confirm our telephone conversation earlier today. You confirmed the position expressed last week in Court; your client will not stipulate to a dismissal. Accordingly, Mr. Hofschneider will move to dismiss the case with prejudice pursuant to Rule 41 of the Federal Rule of Civil Procedure. Because we wish to dismiss this case before it becomes necessary to oppose the pending summary judgment motions, I asked and you agreed to have our motion to dismiss heard on shortened time.

I appreciate your courtesy in agreeing to a shortened time for the hearing. I will serve you with all filings promptly and notify you as soon as the Court sets this matter for hearing.

Sincerely,

Colin M. Thompson

cc: Client

CMT/esl

---

Admitted to practice law in the State of California and
The Commonwealth of the Northern Mariana Islands

Exh "2"