Colin M. Thompson, Esq.
Law Offices of Colin M. Thompson
J.E. Tenorio Building
PMB 917 Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile:  (670) 233-0776

*Attorney for Plaintiff*

FILED
Clerk
District Court

APR - 6 2006

For The Northern Mariana Islands
By_____
         (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| HENRY S. HOFSCHNEIDER, ) <br> ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> ANA DEMAPAN-CASTRO, ) <br> ) <br> ) <br> ) <br> **Defendant.** ) <br> _____) | CIVIL ACTION NO. 04-0022 <br><br> **OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** <br><br> MAY 1 8 2006 <br><br> Date: ~~April 21, 2006~~ <br> Time: 9:00 a.m. <br> Judge: Hon. Alex R. Munso |

**COMES NOW**, Plaintiff Henry S. Hofschneider by and through counsel Colin M. Thompson to oppose defendant's motion for summary judgment. This Opposition is based upon the attached declaration of Henry S. Hofschneider, exhibit, evidence which may be presented at hearing, and the applicable law.

//

//

1

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Com. R. Civ. P. 56(c). See *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, L.Ed.2d 265 (1986). The court must view the evidence and all inferences to be drawn from the underlying facts in the light most favorable to the non-moving party. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party must make a *prima facie* showing that summary judgment is appropriate. To make a prima facie showing, the moving party must show the Court an absence of evidence in support of the non-moving party's claims. *Celotex*.

In the instant case, the defendant fails to meet the standards necessary for a grant of summary judgment. In the first place, the "Statement of Undisputed Facts" is without any authority or authentication. The Plaintiff fails to provide any admissible evidence to establish the alleged "undisputed facts." The only declaration submitted with the defendant's motion is that of counsel introducing the Superior Court Complaint and the alleged employment contract. No other "facts" are authenticated or supported in any manner,

In addition, defendant is judicially estopped from asserting that the alleged contract and its related job description contain binding terms since she has repeatedly argued in the past that the contract is not valid or binding. *See,* Hofschneider Declaration ¶3 and Exhibit "A" pp. 2-5. Further, defendant should be estopped from arguing that she has qualified immunity for terminating Mr. Hofschneider for exercising his political and first amendment rights when she has denied that she terminated him for these reasons in her Answer. *See,* Defendant's Answer Denying ¶¶ 26, 27, 33, and 34 of the Second Amended Complaint. "Judicial Estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and the later seeking an advantage by

taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001)(citing *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600-601 (9th Cir. 1996) and *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990). This Court should invoke judicial estoppel not only to prevent the defendant from gaining advantage by taking inconsistent positions, but also to protect the dignity of the judicial process. The factual assertions by the defendant are conclusively binding on the defendant as judicial admissions. *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)

Finally, Mr. Hofschneider's Declaration makes it even clearer that there are genuine issues of material fact. Most notably, Mr. Hofschneider disputes that defendant Demapan-Castro terminated his employment as MPLA Commissioner.

## CONCLUSION

Based on the foregoing, plaintiff respectfully requests that the Court deny defendants motion for summary judgment.

DATED this 6th day of April 2006.

_____
COLIN M. THOMPSON, ESQ.
Attorney for Plaintiff