# Exhibit "A"



Law Office of G. Anthony Long
P. O. Box 504970
Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Tel. No. (670) 235-4802
Fax. No. (670) 235-4801

Attorney for Defendant Ana Demapan-Castro

## IN THE SUPERIOR COURT
## FOR THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| HENRY S. HOFSCHNEIDER | ) CIVIL ACTION NO. 04-0523 E |
| Plaintiff | ) |
| v. | ) MEMORANDUM SUPPORTING MOTION |
| | ) FOR SUMMARY JUDGMENT |
| ANA DEMAPAN-CASTRO and | ) |
| MARIANAS PUBLIC LANDS | ) |
| BOARD OF DIRECTORS | ) |
| Defendant. | ) Date: |
| | ) Time: |
| | ) Judge: Govendo |

### I. STANDARD FOR SUMMARY JUDGMENT

In ruling on a motion for summary judgment, the court examines the record to determine whether the moving party established the absence of any genuine issue of material fact as well as show entitlement to judgment as a matter of law. *Eurotex (Saipan), Inc. v. Muna*, 4 N.M.I. 280, 283 (1995). If the moving party meets its burden, the non-movant must present probative evidence showing the existence of a genuine issue of material fact. *Santos v. Santos*, 4 N.M.I. 206, 210 (1994). A genuine issue of material fact is one that affects outcome of litigation which means that the evidence is such that the trier of fact could return a verdict in favor of the

opposing party. *Borja v. Rangamar*, 1 N.M.I. 347, 355 (1990). In determining whether a genuine issue of material fact exists, the court must view all evidence and inferences from the evidence in a light most favorable to the non-moving party. *Wabol v. Camacho*, 4 N.M.I. 388, 389 (1996); *Santos*, 4 N.M.I. at 209. If the non-movant meet its burden of showing the existence of a genuine issue of material fact, then the grant of summary judgement was not proper. *Rangamar, 1 N.M.I. at 355*. If no genuine issue of material fact exists, then the analysis shifts to whether the trial court correctly applied the substantive law. *Wabol*, 4 N.M.I. at 389; *Santos*, 4 N.M.I. at 209.

## II. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON THE BREACH OF CONTRACT CLAIM AS THE EMPLOYMENT CONTRACT IS ULTRA VIRES

A contract for public employment or ay provision of a contract for public employment which contravenes statutory authorization is ultra vires and unenforceable. *See Barendregt v. Walla Walla School Dist. No. 140*, 611 P.2d 1385 (1980) (A public agent cannot bind a governmental agency when he or she enters into a contract which is ultra vires,"even though the public body for which he acts may have clothed him with such indicia of authority that it would be estopped if it were a private person").

In this case, plaintiff claims the July 30, 2003 delegation of authority from the Marianas Public Land Authority ("MPLA") Board of Directors ("Board") to its Chairperson is void and unlawful. Plaintiff premises this argument on construction of P.L. 12-33 as amended by P.L. 12-71 which creates the MPLA Board. Commonwealth law provides that the MPLA Board:

Page 2 of 5

... may select, employ, promote and terminate employees, employ contractors and consultants, employ legal counsels, sue and be sued in its own name, provide liability insurance as it considers necessary, make contracts, borrow money within the limitations contained in Article X of the Constitution of the Northern Mariana Islands. and take any other action necessary for the management or disposition of surface and submerge public lands."

P.L. 12-71 ( c). Commonwealth law also provides that the MPLA Board "shall only act by the affirmative vote of the majority of the five directors." P.L. 12 - 33 § 103(f). Plaintiff contends and this court, in its August 19, 2005 order, apparently agreed that these statutory provisions mean the delegation of authority to the MPLA Chairperson was void in connection with employment decisions concerning plaintiff. Accordingly, it has ruled that plaintiffs termination was unlawful. *See Hofschneider v. Ana Demapan-Castro et al*, Civil Action No -04- 0523, Order at 5 (N. Mar. I. Sup. Ct. Aug 19, 2005). This same principle, however, renders plaintiffs employment contract ultra vires and therefore unenforceable.

Plaintiff bases his breach of contract claim and his claims for damages on the employment contract he executed which is attached to his complaint as Exhibit A. The undisputed facts establish that the MPLA Board did not vote on or otherwise approved plaintiff's employment contract *See* Declaration of Ana Demapan-Castro dated September 19, 2005. Moreover, a review of the contract itself shows that the MPLA Chairperson is the only board member who signed the document, and she signed the contract based on the July 30, 2003 delegation of authority given to her by the MPLA Board. Demapan Castro Declaration . Thus, just as plaintiff's termination by the Chairperson based on the delegation of authority is unlawful, the employment contract executed on the basis of the delegation of authority must also be unlawful. This renders the contract ultra vires because, it contravenes the statutory authorization

1. of P.L. 12-33 as amended by P.L. 12-71. *See Hofschneider, supra,; Barendregt v. Walla Walla*

2. *School Dist. No. 140, supra.*

3. The employment contract is also ultra vires because its provision granting plaintiff a four year term of employment exceeds the statutory authorization of the MPLA Board. Commonwealth law expressly provides that the MPLA Commissioner shall serve at the pleasure of the board. P.L. 12-71 § 2(a)(1). Even more so, the law does not confer a specific term of employment on an MPLA Commissioner. See P.L. 12-33 as amended by P.L. 12-71. Given this circumstance, it is the "universally accepted" rule that where the tenure is not otherwise fixed by law, the position is held at the pleasure of the authority or body making the appointment or selection. *See Shows v. Morehouse General Hospital*, 463 So.2d 884, 886 (La.App. ,1985). This is the conclusion reached by the district court in *Hofsncheiner v Ana Demapan-Castro*, Civil Action No. 04-00022, Order ,(D.N.M.I. April 11, 2005).Thus, in accordance with law, the four year term provision, the "for cause" termination provisions, and the damages for "without cause" termination, render the employment contract ultra vires and unenforceable as they are contrary to the statutory requirement that the Commissioner serve at the Board's pleasure. *Shows, supra.* As noted in *Shows*, supra:

> [i]ndeed, the ordinance expresses that the director shall serve at the pleasure of the commission. This phrase negates authority to contract for a term and means that the hiring body has absolute authority to remove or discharge the employee without cause at its pleasure. (Citation omitted). A contract for a term under such conditions is ultra vires and unenforceable.

463 So.2d at 886. *Cannizzo v. Berwyn Tp., 708 Community Mental Health Bd.*, 741 N.E.2d 1067 (Ill.App. 2000)[ Former executive director's employment contract was ultra

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802   Fax No: (670) 235-4801

vires and void ab initio where it provided for a specified term in excess of applicable law]. *Shoemaker v. City of Lock Haven*, 906 F.Supp. 230, 236 (M.D.Pa. 1995)(Contract limiting City's right to summarily terminate plaintiff's employment as Chief of Police in contravention of statute was ultra vires and the employment agreement was void and unenforceable from the outset]. This is the conclusion reached by the district court in Hofschneider's federal lawsuit. *See Hofschneider (Federal)* at 5 - 6 .

## CONCLUSION

Plaintiff cannot have it both ways. If his termination by the MPLA Chairperson is invalid as the delegation of authority is unlawful, then the employment contract approved and signed by the Chairperson relying on the same delegation of authority is also invalid.

Additionally, the law is firm that when the term of a public employment contract exceeds the statutory authorization, the contract is ultra vires and unenforceable. It is undisputed that Commonwealth law expressly provides the MPLA Commissioner serves at the pleasure of the MPLA board. This limitation on the employment of the MPLA Commissioner cannot be altered or amended by contract. This means that the four year term of the employment contract at issue renders the contract ultra vires and unenforceable.

Law Office of G. Anthony Long

By: _____
G. Anthony Long
Bar Number: F0162

Page 5 of 5

Case 1:04-cv-00022  Document 41-2  Filed 04/06/2006  Page 7 of 18

Apr-11-2005 13:34 From-US DISTRICT COURT, NMI +16702362910 T-557 P.001/011 F-286

4·11·05
FAX IN

FILED
Clerk
District Court

APR 11 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Case 1:04-cv-00022   Document 41-2   Filed 04/06/2006   Page 8 of 18

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| HENRY S. HOFSCHNEIDER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANA DEMAPAN-CASTRO, ) <br> ) <br> Defendant. ) | Case No. CV-04-0022-ARM <br><br> ORDER ON MOTION TO DISMISS |

This matter is before the Court on the Amended Motion to Dismiss the First, Second and Third Claims for Relief (Doc. ##8-9) filed by the defendant, Ana Demapan-Castro. Upon consideration of the memoranda of the parties, the argument of counsel and the applicable law, the Court makes the following disposition.

## I. BACKGROUND

The plaintiff, Henry Hofschneider was the Commissioner of the Marianas Public Lands Authority ("MPLA"). The defendant, Ana Demapan-Castro, is the Chairwoman of the MPLA Board of Directors. It is alleged that defendant first suspended plaintiff without pay on July 30, 2004. On or about October 11, 2004, it is alleged that defendant terminated plaintiff.

On November 8, 2004, plaintiff filed his First Amended Complaint (Doc. #2) wherein he alleged four claimed violations of 42 U.S.C. § 1983. In Count I plaintiff alleged that defendant suspended him without pay in violation of his procedural due process rights granted to him by the Fourteenth Amendment to the United States Constitution. In Count II plaintiff alleged that defendant terminated him in violation of his procedural due process rights granted to him by the Fourteenth

Amendment to the United States Constitution. In Count III plaintiff alleged that defendant suspended plaintiff without pay and ultimately terminated plaintiff in retaliation for exercising his First Amendment free speech rights, all in violation of the Fourteenth Amendment to the United States Constitution. Finally, in Count IV, plaintiff alleged that defendant suspended plaintiff without pay and ultimately terminated plaintiff because of his political affiliation[1], all in violation of the First Amendment as applied to the Commonwealth through the Fourteenth Amendment of the United States Constitution.

On December 27, 2004 defendant filed a Motion to Dismiss the First, Second and Third Claims for Relief (Doc. ##5-6) followed by an Amended Motion to Dismiss the First, Second and Third Claims for Relief (Doc. ##8-9) filed on December 30, 2004. Plaintiff filed an Opposition to Defendant's Motion to Dismiss (Doc. #13) on February 25, 2005. On March 18, 2005, defendant filed a reply to plaintiff's opposition.

## II. STANDARD OF REVIEW

Dismissal under Fed.R.Civ.P. 12(b)(6) is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

In reviewing a Fed.R.Civ.P. 12(b)(6) motion to dismiss, the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). When ruling on a motion to dismiss, the court may consider the

---

[1] It is alleged that the defendant is a political supporter of Governor Babauta while the plaintiff is the brother of Heinz Hofschneider, a political rival of Governor Babauta.

2

1  facts alleged in the complaint, documents attached to the complaint and matters of which the court
2  takes judicial notice. *Venetian Casino Resort L.L.C. v. Cortez*, 96 F.Supp.2d 1102, 1106 (D.Nev.
3  2000).

### III. LAW AND ANALYSIS

5  Defendant seeks the dismissal of plaintiffs First, Second and Third Claims for Relief.
6  Upon review of the allegations in the complaint and the applicable law, it is my opinion that
7  defendants motion should be granted in its entirety. This conclusion is explained more fully below.

#### A. First and Second Claims for Relief

9  Plaintiff's first two claims for relief claim that defendant violated the Fourteenth Amendment
10 to the United States Constitution. Basically, plaintiff alleges that his suspension without pay and
11 eventual termination, all without notice and an opportunity to respond, violated his right to procedural
12 due process. In order to determine whether plaintiff's suspension and termination violated his due
13 process rights, the Court must first determine whether plaintiff had a constitutionally protected
14 property interest in continued employment. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538
15 (1985); *Dyack v. Commonwealth of the Northern Mariana Islands*, 317, F.d3 1030, 1033 (9th Cir.
16 2003).

> Property interests subject to procedural due process protection are not limited by a few rigid, technical forms. Rather, "property" denotes a broad range of interests that are secured by "existing rules or understandings." A person's interest in a benefit is a "property" interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing.

*Perry v. Sindermann*, 408 U.S. 593, 601 (1972). Written contracts, as clear evidence of a formal understanding supporting a claim of entitlement, can create protected property interests. *Id.* Moreover, "a state law which limits the grounds upon which an employee may be discharged, such as conditioning dismissal on a finding of cause," creates a constitutionally protected property interest. *Dyack*, 317 F.3d at 1033(quoting *Brady v. Gebbie*, 859 F.2d 1543, 1548 (9th Cir. 1988)). However, where a state employee serves at will, he or she has no reasonable expectation of continued employment, and thus no property right. *Id.*

3

Article XX of the Constitution of the Commonwealth of the Northern Mariana Islands states that "[e]xemption from the civil service shall be as provided by law..." Under Article XX only the legislature may create exceptions from the civil service. Dyack, 317 F.3d at 1033. Pursuant to CNMI statutory law, every government employee falls in the Civil Service System unless exempted by 1 CMC § 8131. Section 8131(a)(7) excepts from Civil Service "[p]ositions specifically exempted by any other law of the Commonwealth." Pub. L. No. 12-71 (2001) states that the Commissioner of the MPLA "shall serve at the pleasure of the Board of Directors" of the MPLA.

Defendant claims that under Pub. L. No. 12-71, plaintiff was an at will employee of the MPLA Board, and as such, could not possess a constitutionally protected property interest in continued employment. Plaintiff disagrees and makes two arguments. First, plaintiff argues that the "complete statutory scheme" applicable to plaintiff's employment demonstrates that plaintiff had a property interest. Second, plaintiff argues that his employment contract created an expectation of continued employment.

### I. Statutory Scheme

As stated, plaintiff argues that the "complete statutory scheme" applicable to plaintiff's employment demonstrates that plaintiff had a property interest in continued employment. Plaintiff argues that the Court should consider the fact that Pub. L. 12-71 states that the Commissioner served at the pleasure of the MPLA "Board of Directors" and that the Board of Directors can only act by the "affirmative vote of the majority of the five directors." *Id.* Plaintiff further points out that CNMI law requires meetings of the MPLA Board to be open and afford people an opportunity to be heard. CNMI Open Government Meetings and Records Act, 1 CMC § 9901 *et seq.* Plaintiff states that the combination of these statue's requirements granted plaintiff a property right to continued employment.

These statutes do not grant a property right to continued employment because the statutory passages cited by plaintiff do not create an expectation of continued employment. At most, they explain the procedures the MPLA should take to discharge plaintiff and the process that would be due plaintiff. However, this is different from whether a property interest exists in the first place. Whether

4

plaintiff possessed a property right in continued employment depends on whether CNMI law created a reasonable expectation of continued employment. CNMI law is very clear that the Commissioner serves at the pleasure of the MPLA Board of Directors. It does not say that plaintiff can only be discharged for cause or other reason. Thus, even if defendant violated all cited statutes in suspending and terminating plaintiff, it does not matter for purposes of determining whether plaintiff has a property interest in continued employment. See *Dorr v. County of Butte*, 795 F.2d 875, 877 (9th Cir. 1986)("[A] substantive property right cannot exist exclusively by virtue of a procedural right"); *Federal Deposit Ins. Corp. v. Henderson*, 940 F.2d 465, 475 (9th Cir. 1991)("[W]hile state law may create an interest in having officials adhere to state procedures, those procedures alone do not give rise to a 'legitimate claim of entitlement' that is subject to the protections of the federal due process clause"). As the statutes cited by plaintiff provide no reasonable expectation of continued employment, plaintiff cannot base a claim of deprivation of due process on them.

### 2. Contract

Plaintiff argues that the contractual relationship between plaintiff and the MPLA created a constitutionally protected property interest in: (1) continued employment with MPLA until May 4, 2007, unless (2) in the event of termination for cause, sixty days advance written notice and payout of the lump sum payment for the salary and benefits he would lose during the remainder of his contract period or twelve months, whichever period is longer; or (3) termination for cause in a manner consistent with Section 10 of the contract and applicable CNMI law.

The employment contract did not create a property interest in continued employment. The law of the Commonwealth is a part of every contract. See 72 Am. Jur.2d *States, Territories and Dependencies* § 75 (2001). A person who contracts with the Commonwealth is chargeable with knowledge of the statutes that regulate its contracting powers and is bound by them. *Id.* It is generally held that officers of a government may not enter into contracts that exceed statutory authority. *Id.* § 72. In the same vein, as stated by courts addressing similar issues, "no employee has a vested contractual right to continue employment beyond the time or contrary to the terms and conditions

5

fixed by law." *Berstein v. Lopez*, 321 F.3d 903, 905 (9th Cir. 2003)(quoting *Miller v. State*, 18 Cal.d3 808, 813 (1977)). Statutes controlling the terms of employment cannot be circumvented by contract. *Id. See Kelly v. Ogata*, 120 F.Supp.2d 1244, 1250 n.6 (D.Haw. 2000). The clauses in the employment contract conflict with the Pub. L. 12-71's clear statement that plaintiff served at the pleasure of the Board. As such, the Board could not authorize these terms. Thus, the contract does not give plaintiff a property interest in continued employment.

The cases cited by plaintiff in support of his argument that the contract created a property interest are distinguishable. In *Breedon v. Nome*, 628 P.2d 924 (Alaska 1981), the Alaska Supreme Court found an employment contract created a constitutionally protected property right in continued employment. However, unlike the present case, the applicable Alaska statute designated the public employee as terminable at will *subject to an employment contract to the contrary*. In *Henderson*, 940 F.2d at 476, the Ninth Circuit found that the subject employment contract gave rise to a "legitimate claim of entitlement" to ninety days of continued employment because the contract contained a clause stating that plaintiff could be fired at will but must be given ninety days notice. Unlike the present case, there was no statute in *Henderson* regulating his employment status, *i.e.*, a statute stating that he served at the pleasure of his employer. His status was determined by the contract alone. Thus the cases cited by plaintiff do not dissuade the Court from its determination that the contract in this case did not create a property interest in continued employment.

Because the statutory scheme cited by plaintiff and the employment contract between plaintiff and the MPLA do not create a reasonable expectation of employment, that is, a property interest protected by the Fourteenth Amendment to the United States Constitution, plaintiff fails to state a claim for a deprivation of due process. Consequently, plaintiff's first and second claims for relief will be dismissed.

### B. Third Claim for Relief

Plaintiff's third claim for relief alleges that defendant suspended plaintiff without pay and ultimately terminated plaintiff in retaliation for exercising his First Amendment free speech rights, all

Apr-11-2006  15:36   From-US DISTRICT COURT, NMI            +16702362910           T-557   P.007/011   F-288

in violation of the Fourteenth Amendment to the United States Constitution. To state a viable unlawful retaliation claim under § 1983, the Ninth Circuit has outlined the following factors. First, whether the plaintiff was engaged in a constitutionally protected activity. *Rendish v. City of Tacoma*, 123 F.3d 1216, 1219 (9th Cir.1997). Second, whether plaintiff's exercise of her constitutionally protected right was a "substantial" or "motivating" factor in the defendant's action. *Id.* Finally, whether defendant has established by a preponderance of the evidence that it would have taken the same action in the absence of the protected conduct. *Id.*; see also *Gillette v. Delmore*, 886 F.2d 1194, 1197 (9th Cir.1989); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir.1989). Preliminarily, the Court must determine if the First Amendment protects Plaintiff against termination for the type of speech in which he was engaged. *McKinley v. City of Eloy*, 705 F.2d 1110, 1113 (9th Cir.1983). In *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968), the United States Supreme Court articulated the "public concern" test in an attempt to balance the rights of public employees to free speech and of the government to regulate the workplace. Under *Pickering*, termination or other retaliation as a consequence of speech does not run afoul of the First Amendment unless the speech addresses a matter of "public concern." *Id.* at 572-74. Determining whether the speech in question involves a matter of public concern mandates an inquiry into the "content, form, and context of a given statement, as revealed by the whole record." *Connick v. Myers*, 461 U.S. 138, 147-148(1983).

Well settled is the principle that speech by public employees "may be characterized as not of 'public concern' when it is clear that such speech deals with individual personnel disputes and grievances and that the information would be of no relevance to the public's evaluation of the performance of governmental agencies." *McKinley*, 705 F.2d at 1114, *Connick*, 461 U.S. at 148. On the other hand, speech that enables the population to "make informed decisions about the operation of their government merits the highest degree" of First Amendment protection. *McKinley*, 705 F.2d at 1114.

In the complaint, plaintiff made the following relevant allegations:

84. Subsequent to his suspension with pay, Commissioner Hofschneider made

7

multiple statements to Board members, other governmental authorities, MPLA employees, and Defendant herself indicating that his suspension was made without lawful authority and without factual basis.

* * *

86. Such statements by Commissioner Hofschneider and the support from other Board members constituted speech that is protected by the First Amendment...

* * *

88. Subsequent to his suspension without pay, Commissioner Hofschneider made multiple statements to Board members, other governmental authorities, MPLA employees, and Defendant herself indicating that his suspension without pay was made without lawful authority and without factual basis.

89. In addition, Commissioner Hofschneider filed a lawsuit in this Court, met with representatives of the AGO, OPA, and CNMI Finance to explain why his actions were not unlawful and the Defendant's were.

91. Such statements by Commissioner Hofschneider and the support from other Board members constituted speech that is protected by the First Amendment and touched on matters of public concern...

The Court finds that these allegations show that plaintiff's speech deals with his personal dispute with defendant. It was not speech that enabled the population to "make informed decisions about the operation of their government." Thus this claim will be dismissed.

### C. Motion to Strike

Defendant moves to strike pursuant to Fed.R.Civ.P. 12(f) certain comments contained in the complaint as immaterial and impertinent. Specifically, defendant moves to strike what it characterizes as "editorial comments" or what could be also characterized as headlines for subsequent groups of allegations. These include the following statements as they appear in the amended complaint:

**Other MPLA Board Members Inform Defendant That She Is Acting Illegally**

8

1    (Am. Compl. at 5)

2    Others Explain Why Defendant Was Wrong but She Refuses to Reconsider

3    (*Id.* at 6)

4    Defendant Retaliates By Suspending Commissioner Hofschneider Without Pay Pending the Outcome of an AGO/Finance Review

5

6    (*Id.* at 8)

7    Defendant Refuses to Cooperate With The AGO/Finance Review That She Requested

8    (*Id.*)

9    Defendant Reneges on Her Settlement Agreement Whereby Commissioner Hofschneider Would return to Work Immediately

10

11    (*Id.* at 9)

12    This Lawsuit is Filed and Commissioner Hofschneider Requests Release of His Annual Leave

13    (*Id.* at 10)

14    Three of The Five Board Members Order Commissioner Hofschneider Back to Work But Defendant and Her Attorneys Refuse To Allow Him Back

15    (*Id.*)

16    The Tables Are Turned: AGO and Finance Are Tired of Defendant's Refusal to Cooperate, Defendant Surreptitiously Receives A Copy of the Draft AGO/Finance Report Which Exonerates Commissioner Hofschneider, and She learns That OPA is Now Investigating her Actions

17

18    (*Id.* at 11)

19

20    Commissioner Hofschneider Writes Defendant to Indicate that Her One-Month Delay In Releasing His Annual Leave Payment Reeked of Retaliation

21    (*Id.* at 12)

22    Defendant's Final Desperate Act? She Terminates Commissioner Hofschneider

23    (*Id.* at 13)

24    Under Fed.R.Civ.P. 12(f) the Court may strike from a complaint "any redundant, immaterial,

25 impertinent, or scandalous matter." Matter which is "immaterial" is "that which has no relationship

26 to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Figwort*, 984 F.2d 1524, 1527

27

28                              9

(9th Cir. 1993) *rec'd. on other grounds*, 510 U.S. 517 (1994). "'Impertinent' matter consists of statements that do not pertain, and are not necessary to the issues in question." *Id.*

The Court agrees that the above cited passages are immaterial and impertinent. The passages are immaterial because they are conclusory "headlines" that look to have been placed in the complaint only for sensationalistic effect. C.f. *Bureerong v. Uvawas*, 922 F.Supp 1450, 1479 (C.D.Cal. 1996)(striking the term "Slave Sweatshops" because the court found it appeared "only for inflammatory effect"). The passages are impertinent because they add nothing to the First Amended Complaint. They are just conclusory summaries of other factual allegations contained in the complaint. Because the passages are immaterial and impertinent, the above cited passages will be stricken by the Court.

### D. Leave to Amend Complaint

When a court grants a Fed.R.Civ.P. 12(b)(6) motion to dismiss, it generally will permit the plaintiff an opportunity to amend the complaint to cure any defects. However, dismissal without leave to amend is appropriate where a court "'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)(en banc)(citations omitted). The Court will not grant plaintiff leave to amend the first and second claims for relief. The claims could not possibly be cured by the allegations of other facts since the law is clear that plaintiff could never gain a constitutionally protected property interest in continued employment. On the other hand, the Court will grant plaintiff leave to amend his third claim for relief. There is the possibility that the pleading of other facts may demonstrate that plaintiff engaged in speech protected by the First Amendment. Thus the Court will grant plaintiff ten (10) days from the date of this order to file an amended complaint amending the third claim for relief.

///
///
///
///

10

## CONCLUSION

Based on the foregoing, it is **ORDERED** that:

1. The Amended Motion to Dismiss the First, Second and Third Claims for Relief (Doc. ##8-9) filed by the defendant, Ana Demapan-Castro is **GRANTED**.
2. Plaintiff's first and second claims for relief are **DISMISSED** with prejudice and without leave to amend.
3. Plaintiff's third claim for relief is **DISMISSED** without prejudice and with leave to amend plaintiff's third claim for relief within ten (10) days of the date of this order.
4. Plaintiff's motion to strike is **GRANTED**. Accordingly, the passages cited in this order will be stricken from plaintiff's Amended Complaint.

DATED this 11th day of April, 2005

Alex R. Munson
Chief Judge, United States District Court

11