FILED
Clerk
District Court

APR 10 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| HENRY S. HOFSCHNEIDER,<br><br>Plaintiff,<br><br>vs.<br><br>ANA DEMAPAN-CASTRO,<br><br>Defendant. | Case No. CV-04-0022<br><br>**ORDER GRANTING VOLUNTARY DISMISSAL WITH PREJUDICE AND TAKING MOTION FOR SUMMARY JUDGMENT OFF CALENDAR** |

**THE MATTER** came before the court on Thursday, April 7, 2006, for hearing of plaintiff's motion to voluntarily dismiss the case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Plaintiff also moved for the parties to bear their own costs. Motion of Voluntary Dismissal with Prejudice, No. 37 (Apr. 5, 2006). Plaintiff appeared by and through his attorneys Colin M. Thompson and Sean E. Frink; defendant appeared by and through her attorney, G. Anthony Long.

**THE COURT**, having considered plaintiff's written and oral arguments and defendant's oral arguments, **GRANTS** plaintiff's motion for voluntary dismissal with prejudice. Furthermore, because defendant has not filed a motion for costs, **THE COURT DENIES** as moot plaintiff's motion that the parties bear their own costs.

## I. BACKGROUND

On August 27, 2004, plaintiff Hofschneider filed this lawsuit against defendant Demapan-Castro, the Board of Directors of the Marianas Public Lands Authority ("MPLA"), and the MPLA for various causes of action under 48 U.S.C. § 1983 relating to plaintiff's suspension and alleged termination as Commissioner of the MPLA. On November 8, 2004, plaintiff amended his complaint to only include defendant Demapan-Castro in her personal capacity as defendant in this lawsuit.

Also on November 8, 2004, plaintiff filed Civil Action No. 04-523B in the Superior Court of the Commonwealth of the Northern Mariana Islands ("Commonwealth") for Commonwealth causes of action relating to plaintiff's suspension and alleged termination as Commissioner of the MPLA. The Superior Court complaint was filed against defendant Demapan-Castro and the MPLA Board of Directors. On August 19, 2005, the Superior Court dismissed defendant Demapan-Castro as a defendant in her personal capacity but remained a defendant in her official capacity as a member of the MPLA Board of Directors.

On August 2, 2005, defendant filed her answer to plaintiff's First Amended Complaint. Answer to Second [sic] Amended Complaint, No. 27 (Aug. 2, 2005).

On February 22, 2006, 2006 N. Mar. I. Pub. L. 15-2 became effective. That law transferred the obligations and responsibilities of the MPLA, an independent agency, to the Commonwealth of the Northern Mariana Islands Department of Public Lands. The Department of Public Lands is an agency within the Executive Branch under the authority of a Secretary that is directly responsible to the Governor. Accordingly, it is plaintiff's position that the Department of Public Lands and the Government of the Commonwealth of the Northern Mariana Islands are successors in interest of the MPLA and the MPLA Board of Directors.

On February 23, 2006, defendant Demapan-Castro filed a motion for summary judgment. Notice of Motion and Motion for Summary Judgment, No. 30 (Feb. 23, 2006).

On March 21, 2006, plaintiff and the defendants in the Superior Court case, the Commonwealth of the Northern Mariana Islands Department of Public Lands and the Government of the Commonwealth of the Northern Mariana Islands, entered into a settlement agreement. Declaration of Counsel in Support of Motion for Voluntary Dismissal with Prejudice, Exh. 1, No. 38 (Apr. 5, 2006). The settlement agreement required the Commonwealth government to pay plaintiff an amount of $ 202,165.14 within fourteen days of the execution of the settlement agreement. In return, plaintiff was required to dismiss the Superior Court lawsuit and this case. Plaintiff also promised not to pursue any claim arising from plaintiff's association with the MPLA, the MPLA

Board of Directors, the Superior Court lawsuit, and this case.

On April 5, 2006, plaintiff filed his motion for voluntary dismissal with prejudice. Motion for Voluntary Dismissal with Prejudice, No. 37 (Apr. 5, 2006).

## II. ANALYSIS

In this instance, "[the case] shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). The court will grant a motion to voluntarily dismiss the case with prejudice unless defendant or other parties will be unfairly prejudiced by dismissal. *Sheridan v. Fox*, 531 F. Supp 151, 154 (E.D. Pa. 1982) ("The essential question in deciding [a motion for voluntary dismissal] is whether the defendant will be unfairly prejudiced by dismissal."); *see County of Santa Fe v. Public Service Co.*, 311 F.3d 1031, 1049 (10th Cir. 2002) ("[T]here will be circumstances where granting a plaintiff's motion to dismiss with prejudice may adversely affect the defendant or, more likely, other parties to the litigation.").

Ordinarily, a dismissal with prejudice does not unfairly prejudice a defendant because a "[d]ismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties. An adjudication in favor of the defendant[], by court or jury, can rise no higher than this." *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964). "Dismissal with prejudice comports with the purpose of [R]ule 41, preventing defendant from being dragged into court for no purpose." *Sheridan*, 531 F. Supp. at 155.

Here, defendant claims that she will be unfairly prejudiced because she believes that she will prevail on her pending motion for summary judgment. Defendant argues that dismissal might subject her to undetermined prejudice because a grant of summary judgment in favor of defendant could possibly defeat an indemnification action that the Commonwealth may make against defendant relating to plaintiff's suspension and alleged termination as Commissioner of the MPLA. The possible undetermined preclusive effect of defendant's pending summary judgment motion that may

3

or may not be granted against a possible indemnification action by the Commonwealth that is not a party to this action and could not have defended against this summary judgment motion does not amount to unfair prejudice. Furthermore, because plaintiff deems the settlement agreement as fully vindicating his loss due to his suspension and alleged termination as Commissioner of the MPLA, he no longer has an incentive to contest the pending summary judgment motion.[1] Moreover, if the pending motion for summary judgment is not granted then plaintiff will be forced to pursue a remedy that he no longer feels is in his best interest.

**ACCORDINGLY, THE COURT GRANTS** plaintiff's motion to voluntarily dismiss the case with prejudice. However, because defendant has not filed a motion for costs, **THE COURT DENIES** as moot plaintiff's motion that the parties bear their own costs.

**THE COURT ORDERS** the pending motion for summary judgment be taken off calendar.

**DATED** this 10th day of April, 2006.

_____
ALEX R. MUNSON
Judge

---

[1] This suggests that the issues contested in the summary judgment motion will not be fully litigated. Lack of full litigation undermines any preclusive effect of the pending summary judgment motion.

4